IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GARY WESTCOTT | § | |
| v. | § | CIVIL ACTION NO. 6:04cv422 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Petitioner Gary Westcott, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his time credit computation.  The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding pursuant to 28 U.S.C. §636(c).

In his petition and memorandum in support, Westcott says that he was convicted of murder in 1983 and given a sentence of 25 years in prison.  He served approximately eight years and was released on parole.  His parole was subsequently revoked and he served two more years.  In 1994, he was released on mandatory supervision, and remained on this status until 1999.

At that time, Westcott says, he was arrested for driving while intoxicated.  He then escaped from custody.  Westcott was returned to custody in 2002, and his mandatory supervision was revoked in April of 2003.

Westcott complains that he has been denied credit for the time which he spent on mandatory supervision.  He raises four grounds for relief.  These are: (1) the denial of these time credits deprives him of due process; (2) the denial of these time credits violates the Double Jeopardy Clause; (3) the denial of these time credits violates the doctrine of separation of powers; and (4) the denial of these time credits violates the Ex Post Facto Clause.  The respondent has been ordered to

answer and has done so; Westcott has filed a response to the answer arguing that it misconstrued his arguments.  His grounds for relief will be addressed in turn.

I. Due Process

In his first ground for relief, Westcott says that the deprivation of these time credits violated his right to due process.  He contends first that release on mandatory supervision is different from release on parole, saying that he is not challenging the loss of time spent while he was on parole, or while he was an absconder.  Instead, his complaint concerns approximately 44 months, between October of 1994 until the warrant issued for his arrest in June of 1999.

Westcott argues that due process requires that a sentence be continuous and that while he was on mandatory supervision, he was serving his sentence because he was in the "constructive custody" of the State.  He again says that mandatory supervision is different from parole because parolees enter into a voluntary agreement, while persons released on mandatory supervision do not. Instead, he says, persons on mandatory supervision are placed on that status by operation of law. Westcott thus argues that he has a "liberty interest" in the time that he spent while released on mandatory supervision, and the deprivation of these time credits deprived him of a constitutionally protected liberty interest.

Westcott's arguments are unavailing.  While it is technically true that inmates on mandatory supervision are not in the exact same legal status as are inmates on parole, *see* Tex. Gov. Code art. 508.143, the law provides that as a practical matter, inmates on mandatory supervision are subject to the same terms as are parolees.  This is made explicit in Tex. Gov. Code art. 508.147(b), which provides that inmates released on mandatory supervision "are considered to be released on parole."

In addition, Texas law has long provided that the time spent on parole or mandatory supervision which is subsequently revoked is not counted toward the sentence.  Betts v. Beto, 424 F.2d 1299, 1300 (5th Cir. 1970); Starnes v. Connett, 464 F.2d 524 (5th Cir. 1972).  The Fifth Circuit has upheld this very provision in Texas law.  Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996).

This law is codified in Tex. Gov. Code art. 508.283.  This provision reads, in pertinent part, as follows:

> If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

In this case, Westcott is eligible for mandatory supervision and thus is "a person other than a person described by Section 508.149(a)."  He does not challenge the specific amount of time which was forfeited, but asserts that the forfeiture of his street generally denied him due process. However, the Fifth Circuit has held that the fact that Texas law allows the Board of Pardons and Paroles to disregard the time spent on mandatory supervision when that status is revoked "does not raise constitutional concerns."  Thompson v. Cockrell, 263 F.3d 423, 426 (5th Cir. 2001).

As the Court noted in Thompson, the Due Process Clause prohibits state acts which exceed a prisoner's sentence "in an unexpected manner." Thompson, 263 F.3d at 426, *citing* Sandin v. Conner, 515 U.S. 472, 484 (1995).  In this case, the fact that Westcott's street time was subject to forfeiture upon revocation of his mandatory supervision was hardly unexpected; as Westcott concedes, the certificate of mandatory supervision which he received contained a statement, in capital letters, saying that violation of the rules or conditions of mandatory supervision shall be sufficient cause for the revocation of that status and that all time served on mandatory supervision shall be forfeited.  Because Texas law specifically provides that time credits served on mandatory supervision may be forfeited if the mandatory supervision is revoked, Westcott plainly has no liberty interest in these credits upon revocation.

Although Westcott says that he cannot be required to serve his sentence "in installments," this is not being done; rather, he simply is not being given credit for time spent on

3

mandatory supervision which was later revoked, as provided for under Texas law.  The common-law

rule against serving sentences in installments prohibits the postponement, via temporary release of

the prisoner, of the date that the prisoner can expect to be free from the sentence.  Cox v. United

States ex rel. Arron, 551 F.2d 1096, 1099 (7th Cir. 1977).  That rule is inapposite because it was not

Westcott's release on mandatory supervision which postponed the date that he could be expected to

be free from the sentence, but rather the revocation of his mandatory supervision, which caused him

to be deprived of credit for the time that he spent on mandatory supervision, in accordance with

Texas law.  White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930) (noting that a sentence of five

years means a continuous sentence, unless interrupted by escape, violation of parole, or some fault

of the prisoner).[1]  Westcott has not been deprived of due process and is not being required to serve

his sentence in installments.  His claim on this point is without merit.

### II. Double Jeopardy

Next, Westcott asserts that he is being subjected to double jeopardy by having to

serve the same time twice.  The Fifth Circuit has held that requiring an inmate to serve the entire

portion remaining on his sentence after parole is revoked does not violate the Double Jeopardy

Clause.  Morrison v. Johnson, 106 F.3d 127, 129 and n.1 (5th Cir. 1997).  This is the very claim

which Westcott raises.  Because his contention has been addressed and rejected by the Fifth Circuit,

it is necessarily without merit.

### III. Separation of Powers

Third, Westcott contends that the forfeiture of this time violates separation of powers.

He states in his response to the answer that he raised this claim in his original petition, but in fact,

it was raised only in his state habeas petition, not in his federal petition.

Even assuming *arguendo* that the claim is properly before the federal court when it

was raised only in the state petition, it is plain that this claim is without merit.  The doctrine of

---

[1]Westcott argues that he was never released from custody and so his sentence must run in a continuous manner.  As White makes clear, the violation of the terms of mandatory supervision is in effect an evasion of the custody which is governed by those terms.  White, 42 F.2d at 789.

separation of powers holds that "[T]he accumulation of all powers legislative, executive, and judiciary in the same hands, whether of one, a few, or many, and whether hereditary, self-appointed, or elected, may justly be pronounced the very definition of tyranny." James Madison, *The Federalist* (no. 47) (January 30, 1788).  The Fifth Circuit has observed that the federal doctrine of separation of powers has never been incorporated and is not enforced against the states.  Attwell v. Nichols, 608 F.2d 228, 230 (5th Cir. 1979), *cert. denied* 446 U.S. 955 (1980).  Thus, even if the laws of the State of Texas violated the doctrine of separation of powers, this would be a matter only of state law, not federal law, not meriting federal habeas corpus relief.  *See* Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. 1981) (a state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved); Manning v. Warden, Louisiana State Penitentiary, 786 F.2d 710, 711 (5th Cir. 1986).

Moreover, even were his separation of powers argument cognizable, Westcott has failed to show a violation of the doctrine.  The term of his sentence has not been altered; he is not entitled, under Texas law, for credit toward that sentence for the time which he spent on mandatory supervision when that supervision was revoked.  His claim on this point is without merit.

IV. The Ex Post Facto Clause

Finally, Westcott says that the denial of credit on his sentence violates the Ex Post Facto Clause because it resulted in increasing his punishment after the fact and extended his sentence beyond that imposed by the jury.  However, the term of his sentence was not increased; he is still serving a 25-year sentence.  The fact that the time which he spent on mandatory supervision which was subsequently revoked, for which time he is not entitled to credit under Texas law, was not credited to his sentence is not an *ex post facto* violation.  *See generally* Cortinas v. United States Parole Commission, 938 F.2d 43, 47 (5th Cir. 1991).  Discharge of the sentence which was imposed requires accumulation of 25 years of time credits in accordance with Texas law.  Westcott has failed to show that denial of time credits to which he was not entitled amounts to a violation of the Ex Post

Facto Clause or any other constitutional provision.  His application for the writ of habeas corpus is without merit.

Conclusion

The Court has carefully examined the grounds for habeas corpus relief presented by the petitioner Gary Westcott, as well as the answer filed by the respondent, the petitioner's response thereto, and the state court records.  Upon such examination, the Court has concluded that the petitioner Gary Westcott has failed to show that he is entitled to the issuance of a writ of habeas corpus or to the relief sought in his application for such writ.  Absent a showing that the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States, the relief sought cannot be granted.  28 U.S.C. §2241(c)(3).  It is accordingly

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this **28** day of **July, 2005.**

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE